UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

ENDURANCE AMERICAN INSURANCE
COMPANY,

                           Appellant,

    -against-                                          1:20-CV-0203 (LEK)

STANLEY LAWRENCE DISTEFANO,
JR.

                           Appellee.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

This bankruptcy appeal involves creditor Endurance American Insurance Company's ("Endurance") precautionary motion to ensure that debtor Stanley Lawrence DiStefano, Jr. will not use the Discharge Order entered by the Bankruptcy Court on November 26, 2019 as a subterfuge to undermine the Bankruptcy Court's prior decisions. Dkt. Nos. 1 ("Notice of Appeal"); 7 ("Appellant Brief"); 8 ("Appellee Brief"); and 10 ("Reply"). For the reasons that follow, the Court remands this case back to the Bankruptcy Court.

**II.    BACKGROUND**

    **A.  Factual History**

A detailed account of this case's facts can be found in the Court's August 2020 bankruptcy appeal decision, familiarity with which is assumed. See <u>DiStefano v. Endurance Am. Ins. Co.</u>, 620 B.R. 687, 688–89 (N.D.N.Y. 2020) (Kahn, J.).

**B. Procedural History**

The Court recounted the procedural history of this case in the Court's August 2020 bankruptcy appeal decision, familiarity with which is assumed. See id. at 689–91. Following the events recounted in that decision, the Honorable Robert E. Littlefield, Jr., United States Bankruptcy Judge, granted DiStefano a discharge under 11 U.S.C. § 727 on November 26, 2019. See Dkt. No. 3-26 ("Discharge Order"). Then, on December 10, 2019, Endurance filed a motion for an order reconsidering and/or amending the Discharge Order, or, in the alternative, vacating the Discharge Order and/or deferring entry of discharge as to Endurance. See Dkt. No. 3-27 ("Reconsideration Motion"). On February 5, 2020, the Honorable Robert E. Littlefield, Jr., United States Bankruptcy Judge, held a hearing for the Reconsideration Motion, see Dkt. No. 3-20 ("Transcript"), and denied the Reconsideration Motion two days later, see Dkt. No. 3-21. Endurance filed an appeal of this denial. See Notice of Appeal.

*1. Bankruptcy Court Decision*

The Bankruptcy Court recognized that Endurance's motion may have been premature. See Transcript at 4–5 (". . . but all this is academic in the sense that there's no motion, there's nothing before me. I'm not going to give any advisory opinions other than to say we're really dancing around, shadow-boxing, the issue behind the curtain . . ."). Still, the Bankruptcy Court focused on whether it had the power to modify a discharge. See id. at 4 ("But if you go back to the narrow issue can we tweak a [Bankruptcy Code Section] 727 full strength discharge without regards to the basis in 727(d), I am just unaware of any Court that has cracked the door to that result based on what you've given me."); id. at 5 ("But right now we're talking about tweaking a full strength discharge."). After hearing both parties' arguments, the Bankruptcy Court denied the

amendment of the discharge since "[Bankruptcy Code Section] 105 does not trump 727" and "There's no basis under Rule 59 or Rule 60 that was given that would apply to these facts." Id. at 8. Notably, the Bankruptcy Court remarked that "[a]nd for whatever reason, if the issue is never brought before me, it's all moot anyway, at least in my court." Id.

### 2. *Endurance's Appeal*

Endurance raises two points in its appeal.

First, they argue that the Bankruptcy Court erred in denying the Reconsideration Motion because there will be manifest injustice if DiStefano can use the Discharge Order to undo the Bankruptcy Court's prior decisions. Appellant Br. at 10–12.

Second, Endurance argues that the Bankruptcy Court erred in holding that it lacked authority to amend the Discharge Order. Id. at 12–14.

## III. LEGAL STANDARD

On appeal, a district court reviews a bankruptcy court's factual findings for clear error and its legal conclusions de novo. County of Clinton v. Warehouse at Van Buren St., Inc., No. 12-CV-1636, 2013 WL 2145656, at *1 (N.D.N.Y. May 15, 2013) (citing R2 Invs., LDC v. Charter Commc'ns, Inc., 691 F.3d 476, 483 (2d Cir. 2012)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). "This Court 'may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.'" In re Bernard L. Madoff Inv. Sec., LLC, No. 15-CV-1151, 2016 WL 183492, at *8 (S.D.N.Y. Jan. 14, 2016), aff'd, 697 F. App'x 708 (2d Cir. 2017). "Where the record does not

reflect 'the reasoning for the bankruptcy court's decision,' the Court may remand for further proceedings." In re DeFlora Lake Dev. Assocs., Inc., No. 20-CV-1422, 2021 WL 1191988, at *4 (S.D.N.Y. Mar. 29, 2021) (internal citation omitted and collecting cases).

IV.   DISCUSSION

The Court finds that the Bankruptcy Court did not adequately explain whether it had subject matter jurisdiction, and remands for further proceedings.

**A. Ripeness and Prohibition on Advisory Opinions**

A threshold issue in every federal case is whether the court has subject matter jurisdiction over the claim. See U.S. Const. art. III, § 2 (establishing the extent of federal jurisdiction). Federal lawsuits must satisfy Article III of the U.S. Constitution, which limits the federal judicial power to actual "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1. A dispute is not justiciable under this "case or controversy" standard unless it is "definite and concrete, touching the legal relations of parties having adverse legal interests." In re Motors Liquidation Co., 829 F.3d 135, 168 (2d Cir. 2016) (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240–41 (1937)). This standard is not satisfied by a "dispute of a hypothetical or abstract character." Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011) (quoting Aetna, 300 U.S. at 240).

The ripeness doctrine prevents the premature adjudication of issues that may never arise. See Motor Vehicle Manufacturers Ass'n v. New York State Department of Environmental Conservation, 79 F.3d 1298, 1305 (2d Cir.1996). The ripeness doctrine derives from Article III limitations on judicial power, and the Court may raise a lack of ripeness sua sponte. Thomas v. City of New York, 143 F.3d 31, 34 (2d Cir.1998). "Moreover, the ripeness doctrine specifically prohibits a court's issuance of advisory opinions." Cooke v. Gen. Dynamics Corp., No. 95-CV-

170, 1998 WL 696013, at *1 (D. Conn. Sept. 11, 1998) (citing Flast v. Cohen, 392 U.S. 83, 96 (1968)).

"Even though bankruptcy courts are not Article III courts, they are nevertheless courts of limited jurisdiction bound by Article III, section 2 of the United States Constitution." In re Nunez, No. 98-CV-7077, 2000 WL 655983, at *6 (E.D.N.Y. Mar. 17, 2000) (internal citations omitted). Thus, "bankruptcy courts cannot issue advisory opinions." Id. (internal citations omitted). Put another way, they "may not decide questions that cannot affect the rights of litigants in the case before them or give opinions advising what the law would be upon a hypothetical state of facts." Chafin v. Chafin, 568 U.S. 165, 172 (2013) (citation, internal quotation marks, and alteration omitted).

Here, Endurance admits that there is a potential for manifest injustice since "the issue was not ripe for adjudication below or in the present appeal . . . ." Appellant Br. at 10 n.3. However, in making its legal conclusion that it could not modify a discharge, the Bankruptcy Court had determined, at least implicitly, that it had subject matter jurisdiction to hear the Reconsideration Motion. In other words, the Bankruptcy Court determined that the issue of whether it can amend a discharge order was ripe for adjudication even though it said that "all this [was] academic." Transcript at 4.

The appropriate course of action is to remand to the Bankruptcy Court for an initial determination on whether the relief sought by Endurance is actually an advisory opinion. See Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC, No. 08-01789, 2009 WL 458769, at *2 (Bankr. S.D.N.Y. Feb. 24, 2009) ("What the Movants actually seek is a declaration that the Claims Procedures Order will not affect the ability to file claims arising from future avoidance

judgments . . . However, since no avoidance claims have been asserted, such relief would constitute an impermissible advisory opinion."); see also In re Cubic Energy, Inc., 587 B.R. 849, 857 (Bankr. D. Del. 2018) ("In other words, to decide on the Motion at this stage would be to indulge in appraising a 'hypothetical set of facts.'") (internal citations omitted). In reaching this decision, we express no opinion on the merits of the case, and should the Bankruptcy Court determine that it lacks jurisdiction, the Bankruptcy Court must also disavow any legal conclusions previously made.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that this case is remanded to the Bankruptcy Court for further proceedings, if necessary, and for further explanation of its reasoning with respect to the aforementioned ripeness issue; and it is further

**ORDERED**, that the Clerk shall close this case; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     July 22, 2021
           Albany, New York

LAWRENCE E. KAHN
United States District Judge